UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| O'NEAL JOHNSON | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 4857 |
| | ) | vs. |
| | ) | |
| CITY OF CHICAGO, et.al. | ) | JUDGE GOTTSCHALL |
| | ) | MAGISTRATE JUDGE KEYS |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12 (b)(6) FAILURE TO STATE A CLAIM**

Defendants, Officer A.D. Kemps, Officer B.J. Cahill, Officer L.W. Kerr and Officer J. Alonzo and the City of Chicago, by their attorney, Tiffany Y. Harris, Assistant Corporation Counsel of the City of Chicago, respectfully requests this Honorable Court to dismiss the plaintiff's complaint pursuant to Federal Rule 12 (b)(6) for failure to state a claim upon which relief can be granted and offers in support thereof:

(1) Plaintiff filed an amended complaint in the above-captioned litigation on October 28, 2009, (Please See Docket Entry #14).

(2) Plaintiff's amended complaint contains eighteen paragraphs wherein the plaintiff makes allegations that the defendant officers could only obtain information about him from an informant and he does not believer there is an informant and he believes he is being harassed by the police and he wants the court to protect him from the defendant officers because he fears for his life and safety. The paragraphs continuously end with questions without stating any actual acts of the defendants that

1

      plaintiff can show give rise to a constitutional violation. For example, paragraph #2 states "The Officer Kerr stated an informant stated he saw me with a gun that I don't know. Why would I do that?". A complaint should state actual specific facts upon a prayer for relief can be granted. A complaint does not raise questions which only serves to confuse the defendants as to what alleged misconduct the plaintiff's complaint is leveling against the defendants. By raising questions, the plaintiff makes it impossible for the defendants to know the accusations against them because the facts are vague, unspecified and indiscernible.

(3)     The above referenced allegations from the plaintiff clearly do not form a basis for which relief can be granted by this Court.

(4)     Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required, Twombly, 550 U.S., at 555, 127 S.Ct. 1955, but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," id., at 570, 127 S.Ct. 1955. A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556, 127 S.Ct. 1955. Two working principles underlie Twombly. First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. Id., at 555, 127 S.Ct. 1955. Second, determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common

sense. Id., at 556, 127 S.Ct. 1955. A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

(5) With respect fo the plaintiff's prayer for relief, plaintiff's complaint does not make a plausible request upon which this Court would have jurisdiction to grant and enter on behalf of the Plaintiff. Paragraph #18 specifically states "I ask the court to help me from these officers and more to come in the future. Also from cases they might try to put on me. I fear for my life and freedom." The Plaintiff does not indicate how he would like the Court to help him from the Officers and moreover the Court does not have jurisdiction to help him from the Officers as that would be a state law matter if plaintiff is seeking some sort of order or protection. Then the plaintiff requests that the Court prevent the Officers from future conduct that has not even occurred yet. Plaintiff then makes unsubstantiated claims that he fear for his life and freedom that are not specific and do not appear to have any basis in fact nor explain how this court would jurisdiction to protect his life and freedom or exactly what it is the plaintiff would like the Court to do.

(6) Defendants are unable to answer the plaintiff's complaint in its' current form because the plaintiff does not provide specific illegal acts of the defendants that give rise to a constitutional violation upon which relief can be granted in a federal court.

Defendants are unable to determine the alleged misconduct being brought against them or the remedies requested by the plaintiff.

WHEREFORE, the defendants respectfully request that this Honorable Court dismiss the plaintiff's complaint in its' entirety and any other relief this Honorable Court deems appropriate.

                    Respectfully submitted,
                    /s/ Tiffany Y. Harris

                    TIFFANY HARRIS
                    Assistant Corporation Counsel

Attorney # 6238533
Federal Civil Rights Litigation Division
City of Chicago Law Department
30 North LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 744-7684