IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHESTERN DISTRICT OF ILLINOIS
EASTERN DIVISION



MHN
FILED
5-14-2010
MAY 14 2010 JH
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT.

| | |
|---|---|
| O'NEAL JOHNSON, | NO. 09C4857 |
| Plaintiff, | JUDGE JOAN B. GOTTSCHALL |
| v. | MAGISTRATE JUDGE KEYS |
| CITY OF CHICAGO POLICE DEPARTMENT OFFICER KERR, L.W. (Badge # 4871), and OFFICER ALONSO, J.(Badge # 18523) | |
| Defendants. | |

## 2nd AMENDED COMPLAINT

Plaintiff, O'NEAL JOHNSON, for his Amended Complaint against the Defendants, OFFICER KERR, L.W., and (Badge # 4871), and OFFICER ALONSO, J., (Badge #18523), states as follows:

### Introduction

1. Defendants OFFICER KERR, L.W. (Badge # 4871), OFFICER ALONSO, J. (Badge # 18523) under color of law, deprived Plaintiff of rights secured by the Constitution, the laws of the United States, and the laws of the State of Illinois. Defendants, while acting in their capacities as policemen in the City of Chicago, County of Cook, State of Illinois, made an unreasonable search or seizure of Plaintiff and deprived Plaintiff of his liberty without due process of law, thereby depriving Plaintiff of his rights, privileges and immunities as guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Unites States Constitution. Defendants

1

conspired to unlawfully arrest the plaintiff, and participate in the malicious prosecution of Plaintiff.

## Jurisdiction

2. This is a civil action brought pursuant to the Laws of the United States Constitution, specifically the Fourth Amendment, the Laws of the United States Congress, specifically 42 U.S.C. § 1983, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of Plaintiff O'NEAL JOHNSON, and accomplished by acts and omissions of Defendants, committed under color of law.

3. Jurisdiction is based on Title 28 U.S.C. § 1343 and §1331 and supplemental jurisdiction of the State of Illinois.

## The Parties

4. At all relevant times, Plaintiff O'NEAL JOHNSON was a resident of Chicago, Cook County, Illinois.

5. At all relevant times, Defendants KERR, L.W. (Badge # 4871), ("Officer Kerr"), and ALONSO, J. (Badge # 18523) ("Officer Alonso"), were police officers with the Chicago Police Department and acting under color of law and within the scope of their employment with the City of Chicago.

## Facts Common to All Counts

6. On or about September 1, 2009, Officer Kerr used statements he received from an anonymous informant to obtain a search warrant to search the property located at 4207 S. Princeton.

7. Plaintiff did not reside in the property at 4207 S. Princeton in 2009.

8. On or about September 1, 2009, one or more of the Defendants forcibly entered the property located at 4207 S. Princeton and retrieved narcotics.

9. On or about September 1, 2009, Plaintiff was in the house located at 4207 S. Princeton. While at the house, Officer Kerr (Badge # 4871) and Officer Alonso, J. (Badge # 18523) walked in the house. While in the house, they searched the house and tore it up, put the plaintiff under arrest on a warrant that Officer Kerr (Badge # 4871) testified in front of Judge Michelle Jordon ( # 1881) on September 1, 2009 to obtain a search warrant for 4207 S. Princeton. After all of that, they took Plaintiff to the 022 District Police Station.

10. While at the 9th District Police Station, Plaintiff was placed in an interview room. Plaintiff was never given a recitation of his Miranda rights.

11. As direct results of the September 1, 2009 search at 4207 S. Princeton, Plaintiff was arrested and placed in jail on September 1, 2009. Plaintiff was charged with PCS-Possession – Class 4 – Type Felony.

12. On September 30, 2009, at Plaintiff's trial, Judge Michelle Jordan ( #1881) dismissed the charges against plaintiff.

## COUNT 1 – FALSE ARREST

13. Defendants never showed Plaintiff a copy of a search warrant.

14. For a complaint for search warrant at hearing Officer Kerr (Badge # 4871) falsely testified to Judge Michelle Jordon (# 1881) to obtain a search warrant to search property located at 4207 S. Princeton.

15. Plaintiff repeats and realleges paragraphs 1-12 as if fully set forth herein.

16. Defendants' arrest of Plaintiff was in violation of Plaintiff's right to be free of an unreasonable seizure under the Fourth Amendment to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

3

17. Defendants caused plaintiff to be imprisoned without probable cause or reason, against Plaintiff's will and without his consent, in violation of his constitutional rights.

18. By reason of the above, Plaintiff was greatly exposed to public scandal and disgrace, suffered great mental anguish, was prevented from attending to his employment, was deprived of his constitutional rights, all to his damage.

WHEREFORE, Plaintiff O'Neal Johnson respectfully requests this Court to award him money damages to compensate for the injuries caused by Defendants' acts; and since Defendants' actions were malicious, willful and wanton, Plaintiff requests punitive damages plus the costs of this action.

19. Defendant without probable cause or any justification whatever, defendants agreed to and did maliciously planted crack cocaine on Plaintiff.

## COUNT II MALICIOUS PROSECUTION (ILLINOIS LAW)

20. Plaintiff repeats and realleges paragraphs 1-18 as if fully set forth herein.

21. Without probable cause or any justification whatever, Defendants agreed to and did maliciously charge plaintiff with the following offenses: PCS-Possession.

22. By means of Officer Kerr (Badge # 4871) false testimony and Defendant's malicious charges against Plaintiff, Defendants deprived Plaintiff of his liberty without due process of law.

23. WHEREFORE, Plaintiff O'Neal Johnson respectfully requests this Court to award him money damages to compensate for the injuries caused by Defendants' acts; and since Defendants' actions were malicious, willful and wanton, Plaintiff requests punitive damages plus the costs of this action.

## COUNT III – CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS

24. Plaintiff repeats and realleges paragraphs 1-22 are fully set forth herein.

25. Defendants, acting their individual capacities and under color of law, having conspired together, reached a mutual understanding and acted to undertake a course of conduct that violated Plaintiff's civil rights:

    a. The Defendants agreed and acted to intentionally falsely arrest and imprison Plaintiff, as stated above.

    b. The Defendants agreed and acted to intentionally fabricate and contrive the charges lodged against Plaintiff, as stated above.

    c. The Defendants agreed and acted to intentionally submit false police reports, statements, and testimony to support and corroborate the fabricated charges lodged against Plaintiff.

    d. The Defendants agreed and acted others to punish Plaintiff for having exercised constitutionally protected rights.

26. As a direct and proximate result of the conspiracy between Defendants, Plaintiff was incarcerated, and maliciously charged for the PCS-Possession and was deprived of his right to be free from unreasonable and unlawful seizure, equal protection of the laws, and his due process rights to be free from arbitrary and unreasonable action. These rights are secured under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and protected by 42 U.S.C § 1983.

WHEREFORE, Plaintiff O'Neal Johnson respectfully requests this Court to award him money damages to compensate for the injuries caused by Defendants' acts; and since

Defendants' actions were malicious, willful and wanton, Plaintiff requests punitive damages plus the costs of this action.

                                              **O'NEAL JOHNSON, Plaintiff**

                                              _/s/ O'Neal Johnson_

                                              O'Neal Johnson, Attorney