## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| O'NEAL JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | **Case No. 09 C 4857** |
| | ) | |
| v. | ) | **Hon. Joan B. Gottschall** |
| | ) | |
| OFFICER KEMPS, A.D. (Badge # 16145), | ) | **Magistrate Judge Keys** |
| OFFICER CAHILL, B.J. (Badge #19478) | ) | |
| OFFICER KERR, L.W. (Badge # 47871), | ) | |
| OFFICER ALONSO, J. (Badge # 18523), and | ) | **JURY TRIAL DEMANDED** |
| UNKNOWN POLICE OFFICERS. | ) | |
| | ) | |
| Defendants. | ) | |

### THIRD AMENDED COMPLAINT

Plaintiff O'Neal Johnson complains against Defendants City of Chicago Police Officers Kemps, A.D. (Badge # 16145), Cahill, B.J. (Badge #19478), Kerr, L.W. (Badge # 47871), Alonso, J. (Badge # 18523), and Other Unknown Police Officers, as follows:

### Introduction

1.      This action arises from the most recent retaliation against Plaintiff for complaining of police misconduct against Defendants' fellow officers, including a prior lawsuit against Chicago Police Officers Patrick Johnson (Badge #19905), Stephen Pietrzak (Badge #19735), and Robert Vahl (Badge #7350) for violation of Plaintiff's constitutional rights. (*See* Am. Compl. in *Johnson v. Johnson, et al.*, Case No. 05 C 4279 attached as Exhibit 1 hereto.)

2.      Under color of law and while acting in their capacities as police officers, Defendants have repeatedly harassed and threatened Plaintiff, unlawfully arrested him,

searched and ransacked his home, presented false testimony to a judicial officer in order to secure a search warrant in furtherance of their retaliation, and maliciously prosecuted Plaintiff by charging him with crimes of which he was innocent, for which there was no probable cause, and which were promptly dismissed in his favor.

3.  Defendants' harassment and retaliation has had serious consequences for Plaintiff. Among other things, Plaintiff lives in fear of his life and his freedom, is afraid to sleep in his own home, and has been forced to find alternative living arrangements in order to hide from and escape Defendant's persecution of him. Nevertheless, Plaintiff is determined to stand up to Defendants and vindicate his rights that Defendants have unlawfully trampled.

## Jurisdiction

4.  This is a civil action brought pursuant to the Constitution of the United States, specifically the Fourth Amendment, the Laws of the United States Congress, specifically 42 U.S.C. §§ 1983 and 1985, and the laws of the State of Illinois, to redress deprivations of Plaintiff's civil and constitutional rights by Defendants under color of law.

5.  Jurisdiction is based on Title 28 U.S.C. §§ 1331, 1343 and 1367.

## The Parties

6.  At all relevant times, Plaintiff was a resident of Chicago, Cook County, Illinois.

7.  At all relevant times, Defendants Kemps, A.D. (Badge # 16145), Cahill, B.J. (Badge #19478), Kerr, L.W. (Badge # 47871), and Alonso, J. (Badge # 18523) were police officers with the Chicago Police Department, and acted under color of law and within the scope of their employment with the City of Chicago Police Department.

8.  The Unknown Police Officer Defendants are other City of Chicago Police Officers whose identities are unknown to Plaintiff, but who have conspired with and

participated in Defendants' ongoing retaliation against Plaintiff for his past complaints of police misconduct against their fellow officers.

### Plaintiff's History with the Chicago Police Department

9.      Plaintiff has a long history of filing complaints of police misconduct, and Defendants' motive to punish Plaintiff in retaliation is unmistakable.

10.      Over the past approximately thirteen years, Plaintiff has filed a number of complaints with the Chicago Police Department's Bureau of Professional Standards (formally known as the Office of Professional Standards or "OPS") and the Independent Police Review Authority.

11.      Plaintiff's complaints have concerned a variety of police misconduct, from simple harassment to police brutality and false arrest.

12.      In particular, Plaintiff's aforementioned lawsuit against Officers Johnson, Pietrzak, and Vahl has served as powerful motivation for Defendants' retaliation against Plaintiff. In that lawsuit, Plaintiff sued the three defendant police officers for false arrest, excessive force, malicious prosecution, and conspiracy to violate Plaintiff's civil rights. (*See* Exhibit 1 hereto.) On the eve of trial, the parties reached a settlement agreement pursuant to which Plaintiff received $65,000.00. (*See Settlement & Release Agreement* attached as Exhibit 2 hereto.)

13.      Plaintiff's receipt of that $65,000 settlement in his lawsuit against Officers Johnson, Pietrzak, and Vahl has caused considerable resentment. Plaintiff has been harassed on multiple occasions by a number of different officers, including Defendants Kemps and Cahill, about the settlement he obtained and it continues to serve as motivation for Defendants' harassment of Plaintiff to this day.

## COUNT I

## FALSE ARREST UNDER 42 U.S.C. § 1983

### (Defendants Kemps & Cahill)

14.     Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

15.     On December 2, 2008, Officers Kemps and Cahill stopped Plaintiff outside of his home in Chicago, Illinois, and arrested him without probable cause.

16.     That was not the first time Plaintiff had run in to these officers, however. On a number of occasions prior to December 2, 2008, Officers Kemps and Cahill had harassed Plaintiff about his prior complaints against their fellow officers, and in particular, Plaintiff's recovery of $65,000 from his prior lawsuit. In their harassment of Plaintiff, Officers Kemps and Cahill repeatedly threatened to manufacture charges against him because "we're the po-po and can do whatever we want."

17.     Although Plaintiff had not committed any crime on December 2, 2008, and there was no probable cause of a crime being committed, Officers Kemps and Cahill put Plaintiff in handcuffs and placed him in the back of their police car with another individual who, on information and belief, had been previously arrested by Officers Kemps and Cahill.

18.     During their arrest of Plaintiff, Officers Kemps and Cahill took Plaintiff's house keys from his pocket and used them to enter Plaintiff's home, which they proceeded to search without probable cause, causing considerable damage in the process. During this unlawful search of Plaintiff's home, Officers Kemps and Cahill also obtained car keys from the house that they used to open and search locked cars that were parked in the front yard.

19.     After searching and destroying Plaintiff's home, Officers Kemps and Cahill drove Plaintiff around the corner and freed the other individual detained in the back of their

4

police car, and informed Plaintiff that he was being charged with possession of cannabis.

20.     Plaintiff was not in possession of cannabis, however, nor was there any probable cause that he was. But Officers Kemps and Cahill planted cannabis on Plaintiff as a pretense for Plaintiff's arrest. On information and belief, the individual in the back of Officers Kemps and Cahill's police car was the person from whom the cannabis was actually taken.

21.     Following his arrest, Plaintiff was brought to a police station and formally charged with a Class A misdemeanor for possession of cannabis in violation of 720 ILCS 550.0/4-C, but the charges were baseless and subsequently dismissed in his favor.

22.     Plaintiff's arrest was without probable cause, and was made for the sole purpose of retaliating against Plaintiff for his prior complaints and lawsuits against other police officers regarding those officers' misconduct.

23.     Plaintiff's arrest and subsequent imprisonment violated his right to be free from unreasonable seizure under the Fourth Amendment to the United States Constitution and to be free of a deprivation of liberty under the Fourteenth Amendment, all in violation of 42 U.S.C. § 1983.

24.     By reason of the above, Plaintiff was and still is in fear of his life and freedom, has been forced to find alternative living arrangements in order to hide from and escape Defendants' persecution of him, greatly injured in his reputation and exposed to public scandal and disgrace, suffered great mental anguish, prevented from attending to his employment, deprived of his constitutional rights, and incurred substantial costs and attorneys' fees to defend himself against the unsubstantiated charges for which there was no probable cause.

WHEREFORE, Plaintiff O'Neal Johnson respectfully requests this Court to award him money damages to compensate him for the injuries caused by Defendants' acts, and since

those acts were malicious, willful and wanton, Plaintiff requests punitive damages plus the costs of this action, and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and Local Rule 83.41(c).

## COUNT II

### UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983

### (Defendants Kemp & Cahill)

25.     Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

26.     Following his arrest on December 2, 2008, Defendants Kemps and Cahill searched Plaintiff's home without a warrant and without his consent. This warrantless search of Plaintiff's home was unlawful and without probable cause, in violation of Plaintiff's constitutional rights, and was done solely for the improper purpose of harassing Plaintiff and retaliating against him for past complaints of police misconduct against Defendants' fellow officers, all in violation of 42 U.S.C. § 1983.

27.     Among other damages, Defendants Kemps and Cahill's warrantless and unlawful search of Plaintiff's home caused substantial property damage, has put Plaintiff in fear of his life and his freedom, forced him to find alternative living arrangements in order to hide from and escape Defendant's persecution of him, and inflicted great mental anguish.

WHEREFORE, Plaintiff O'Neal Johnson respectfully requests this Court to award him money damages to compensate him for the injuries caused by Defendants' acts, and since those acts were malicious, willful and wanton, Plaintiff requests punitive damages plus the costs of this action, and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and Local Rule 83.41(c).

## COUNT III

## MALICOUS PROSEUCTION UNDER ILLINOIS LAW

### (Defendants Kemps & Cahill)

28.     Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

29.     Without probable cause or any justification whatsoever, Defendants Kemps and Cahill unlawfully arrested Plaintiff, falsified evidence against him, charged him with criminal possession of cannabis, and maliciously subjected him to judicial proceedings without probable cause and for the sole purpose of punishing and retaliating against him for his prior complaints of police misconduct and his lawsuit against Defendants' fellow officers.

30.     The proceedings against Plaintiff were based on an arrest without probable cause and without merit, and were subsequently dismissed and terminated in Plaintiff's favor.

31.     By reason of the above, Plaintiff was falsely imprisoned without probable cause, put in fear of his life and his freedom, forced to find alternative living arrangements in order to hide from and escape Defendant's persecution of him, injured in his reputation, exposed to public scandal and disgrace, suffered great mental anguish, and incurred substantial costs and attorneys' fees to defend himself against the unsubstantiated charges.

WHEREFORE, Plaintiff O'Neal Johnson respectfully requests this Court to award him money damages to compensate him for the injuries caused by Defendants' acts, and since those acts were malicious, willful and wanton, Plaintiff requests punitive damages plus the costs of this action.

## COUNT IV

## FALSE ARREST UNDER 42 U.S.C. § 1983

### (Defendants Kerr & Alonso)

32.     Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

33.     Plaintiff originally filed this action on August 7, 2009. On information and belief, Defendants Kerr and Alonso subsequently learned of this lawsuit against Defendants Kemps and Cahill and took it upon themselves to further retaliate against Plaintiff and punish him for his ongoing efforts to complain against their fellow officers and vindicate his civil and constitutional rights.

34.     Thus determined to punish Plaintiff and continue Defendants' efforts to harass and retaliate against him, Officers Kerr and Alonso sought a search warrant of Plaintiff's home. On September 1, 2009, Officer Kerr falsely testified before Judge Michelle Jordon that an anonymous informant had told Officer Kerr that Plaintiff was seen brandishing a nickel plated 9mm handgun in front of his home the day before while claiming "I always got my heater close by in the house if I need it."

35.     In truth, Plaintiff did no such thing. Plaintiff did not have a nickel plated 9mm handgun, did not waive it around and show it off in front of his house on August 31, 2009, and most certainly did not tell an anonymous person that he always kept his "heater" close by in his home. The truth of this is borne out by the fact that Officers Kerr and Alonso failed to uncover a nickel plated 9mm handgun – or any other firearm, for that matter – when they unlawfully searched Plaintiff's home without probable cause on September 1, 2009.

36.     Officers Kerr and Alonso nevertheless obtained a warrant to search Plaintiff's home and seize "a nickel plated 9mm handgun, proof of residency, ammunition, and search

any area in the residence which may contain the listed item" under false pretenses and on the basis of perjured testimony, and without probable cause that Plaintiff actually owned that or any other firearm.

37.     With their warrant in hand, Officers Kerr, Alonso, and other unknown members of the Chicago Police Department, showed up at Plaintiff's home with guns drawn and terrifyingly wearing Halloween masks, raided it, and conducted an exhaustive and destructive search of his home. Yet no firearms – nickel plated or otherwise – were found.

38.     Undeterred and determined to punish Plaintiff by charging him with a crime, Officers Kerr and Alonso agreed to and did maliciously plant 0.1 gram of crack cocaine on Plaintiff in order to arrest and subject him to further retaliation for his complaints against their fellow officers, including Plaintiff's original filing of this very lawsuit against Defendants Kemps and Cahill.

39.     Plaintiff was thus unlawfully arrested without probable cause, maliciously charged with a Class 4 felony for possession of crack cocaine in violation of 720 ILCS 570.0/402-C, and wrongly imprisoned in Cook County Jail.

40.     The charges against Plaintiff were baseless and without probable cause, and on September 30, 2009, Judge Michelle Jordan dismissed the case after the prosecutor formally abandoned the charges against Plaintiff by means of a *nolle prosequi*.

41.     Officers Kerr and Alonso's arrest and subsequent imprisonment of Plaintiff violated his right to be free from unreasonable seizure under the Fourth Amendment to the United States Constitution and to be free of a deprivation of liberty under the Fourteenth Amendment, all in violation of 42 U.S.C. § 1983.

42.     By reason of the above, Plaintiff was and still is in fear of his life and freedom, forced to find alternative living arrangements in order to hide from and escape Defendant's

persecution of him, greatly injured in his reputation and exposed to public scandal and disgrace, suffered great mental anguish, prevented from attending to his employment, deprived of his constitutional rights, and incurred substantial costs and attorneys' fees to defend himself against the unsubstantiated charges for which there was no probable cause, all to his damage.

WHEREFORE, Plaintiff O'Neal Johnson respectfully requests this Court to award him money damages to compensate him for the injuries caused by Defendants' acts, and since those acts were malicious, willful and wanton, Plaintiff requests punitive damages plus the costs of this action, and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and Local Rule 83.41(c).

## COUNT V

## UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983

### (Defendants Kerr & Alonso)

43.     Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

44.     Officers Kerr and Alonso knowingly submitted false testimony in order to secure a search warrant to search Plaintiff's home. Their search was unlawful and without probable cause, and violated Plaintiff's constitutional rights in violation of 42 U.S.C. § 1983.

45.     By reason of the above, plaintiff was and still is in fear of his life and freedom, forced to find alternative living arrangements in order to hide from and escape Defendants' persecution of him, greatly injured in his reputation and exposed to public scandal and disgrace, suffered great mental anguish, prevented from attending to his employment, deprived of his constitutional rights, and incurred substantial costs and attorneys' fees to defend himself against the unsubstantiated charges for which there was no probable cause.

10

46.     WHEREFORE, Plaintiff O'Neal Johnson respectfully requests this Court to award him money damages to compensate him for the injuries caused by Defendants' acts, and since those acts were malicious, willful and wanton, Plaintiff requests punitive damages plus the costs of this action, and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and Local Rule 83.41(c).

## COUNT VI

## MALICIOUS PROSECUTION (ILLINOIS LAW)

### (Defendants Kerr & Alonso)

47.     Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

48.     Without probable cause or any justification whatsoever, Officers Kerr and Alonso unlawfully arrested Plaintiff, falsified evidence against him, wrongly imprisoned him, and maliciously charged Plaintiff with for a Class 4 felony for possession of 0.1 gram of crack cocaine in violation of 720 ILCS 570.0/402-C, thereby subjecting Plaintiff to judicial proceedings and imprisonment for which no probable cause existed, and depriving Plaintiff of his liberty without due process of law.

49.     The proceedings against Plaintiff were based on an arrest without probable cause and without merit, and were subsequently dismissed and terminated in Plaintiff's favor.

50.     By reason of the above, Plaintiff was and still is in fear of his life and freedom, forced to find alternative living arrangements in order to hide from and escape Defendant's persecution of him, greatly injured in his reputation and exposed to public scandal and disgrace, suffered great mental anguish, prevented from attending to his employment, deprived of his constitutional rights, and incurred substantial costs and attorneys' fees to defend himself against the unsubstantiated charges for which there was no probable cause.

11

WHEREFORE, Plaintiff O'Neal Johnson respectfully requests this Court to award him money damages to compensate him for the injuries caused by Defendants' acts, and since those acts were malicious, willful and wanton, Plaintiff requests punitive damages plus the costs of this action.

## COUNT VII

## CONSPIRACY TO VIOLATE CIVIL RIGHTS UNDER 42 U.S.C. § 1985

### (All Defendants)

51.     Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

52.     Defendants, acting in their individual capacities and under color of law, having conspired together, reached a mutual understanding and acted to undertake a course of conduct that violated Plaintiff's civil rights in retaliation for Plaintiff's prior complaints and lawsuit against other police officers for their misconduct:

a.  The Defendants agreed and acted to intentionally falsely arrest and imprison Plaintiff, as stated above.

b.  The Defendants agreed and acted to intentionally fabricate and contrive the charges lodged against Plaintiff, as stated above.

c.  The Defendants agreed and acted to intentionally submit false police reports, statements, and testimony to support and corroborate the fabricated charges lodged against Plaintiff.

d.  The Defendants agreed and acted to punish Plaintiff for having exercised his constitutionally protected rights.

53.     As a direct and proximate result of the conspiracy between Defendants, Plaintiff was incarcerated, maliciously charged with criminal acts, and deprived of his right to

12

be free from unreasonable and unlawful seizure, equal protection of the laws, and his due process rights to be free from arbitrary and unreasonable action. These rights are secured under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and protected by 42 U.S.C. §§ 1983 and 1985.

54.     By reason of the above, Plaintiff was and still is in fear of his life and freedom, forced to find alternative living arrangements in order to hide from and escape Defendants' persecution of him, greatly injured in his reputation and exposed to public scandal and disgrace, suffered great mental anguish, prevented from attending to his employment, deprived of his constitutional rights, and incurred substantial costs and attorneys' fees to defend himself against the unsubstantiated charges for which there was no probable cause.

WHEREFORE, Plaintiff O'Neal Johnson respectfully requests this Court to award him money damages to compensate him for the injuries caused by Defendants' acts, and since those acts were malicious, willful and wanton, Plaintiff requests punitive damages plus the costs of this action, and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and Local Rule 83.41(c)..

## COUNT VII

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (All Defendants)

55.     Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

56.     Plaintiff has suffered severe emotional distress as the direct and proximate result of Defendants' actions, which were directed against Plaintiff to accomplish that very purpose. In abuse of their power and responsibility as police officers, Defendants have knowingly and deliberately harassed Plaintiff, violated his civil and constitutional rights, and

13

threatened his freedom. Defendants have done this out of retaliation for Plaintiff's past complaints of police misconduct and to punish Plaintiff for his efforts to vindicate his rights. Defendants' conduct is extreme and outrageous in every sense of the word.

57. Among other things, Plaintiff constantly lives in fear of his life and his freedom, and is afraid to even sleep in his own bed. He is terrorized by the constant threats and harassments he has suffered at Defendants' hands.

WHEREFORE, Plaintiff O'Neal Johnson respectfully requests this Court to award him money damages to compensate him for the injuries caused by Defendants' acts, and since those acts were malicious, willful and wanton, Plaintiff requests punitive damages plus the costs of this action.

*    *    *    *

Date: September 10, 2010

Respectfully submitted,

 /s/ John C. Gekas
John C. Gekas
 jgekas@gekaslaw.com
Constantine John Gekas
 cjg@gekaslaw.com
GEKAS LAW LLP
11 South LaSalle; Suite 1700
Chicago, Illinois 60603
Tel: (312) 726-4502
Fax: (312) 726-4505

*Attorneys for Plaintiff O'Neal Johnson*

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury.

 /s/ John C. Gekas

## CERTIFICATE OF SERVICE

I, John C. Gekas, hereby certify that on September 10, 2010, the foregoing document was filed electronically and is available for viewing and downloading from the ECF system, and was served upon all persons registered to receive notice via the Court's EM/ECF electronic system, including:

**Andrew J. Foreman**
Daley Mohan Groble, P.C.
55 W Monroe St
Suite 1600
Chicago, IL 60603
312-422-0785
aforeman@daleymohan.com

*Attorney for Defendants*

    /s/ John C. Gekas