# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| O'NEAL JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09 CV 4857 |
| ) | |
| OFFICER KEMPS, A.D. (Badge # 16145), ) | Honorable Joan B. Gottschall |
| OFFICER CAHILL, B.J. (Badge # 19478), ) | |
| OFFICER KERR, L.W. (Badge # 4871), ) | |
| OFFICER ALONSO, J. (Badge # 18523), ) | |
| And UNKNOWN POLICE OFFICERS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

O'Neal Johnson brought this suit against several Chicago police officers complaining of false arrest, malicious prosecution, unlawful search, conspiracy, and intentional infliction of emotional distress. Before the court is the defendants' motion for entry of a protective order. Johnson has raised three objections to the defendants' proposed protective order. First, Johnson argues that Complaint Register files ("CR files") regarding cases in which discipline was imposed should not be subject to a provision that: (a) prevents their public disclosure for at least 30 days while the producing party reviews them to ensure that they have been properly redacted and are suitable for release, and (b) requires any disputes to be resolved via an *in camera* review by the court before the CR files can be released. Second, Johnson argues that he should be allowed to retain a copy of all documents filed with the court, including documents filed under seal. Third, Johnson argues that the producing party should bear the burden of filing a motion to maintain its confidentiality designation when the parties cannot agree whether a certain document is confidential.

# I. LEGAL STANDARD

"Absent a protective order, parties to a law suit may disseminate materials obtained during discovery as they see fit." *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) (citing *Okla. Hosp. Ass'n v. Okla. Pub. Co.*, 748 F.2d 1421, 1424 (10th Cir. 1984)); *but cf. Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir. 2009) ("Generally speaking, the public has no constitutional, statutory (rule-based), or common-law right of access to *unfiled* discovery."). "Given the 'extensive intrusion into the affairs of both litigants and third parties' that is both permissible and common in modern discovery, the rules provide for the use of protective orders, entered 'for good cause,' to protect litigants and third parties from the 'annoyance, embarrassment, oppression, or undue burden or expense' that may attend the discovery process." *Bond*, 585 F.3d at 1067 (citing Fed. R. Civ. P. 26(c)(1) and *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 30 (1984)). "To determine whether a party has shown good cause, the district court must balance the parties' interests, taking into account the importance of disclosure to the nonmovant and the potential harm to the party seeking the protective order." *Calhoun v. City of Chi.*, No. 10 C 0658, --- F.R.D. ----, 2011 WL 1364028, at *1 (N.D. Ill. Apr. 8, 2011) (citing *Wiggins v. Burge*, 173 F.R.D. 226, 229 (N.D. Ill. 1997)).

# II. ANALYSIS

*I. Whether CR files regarding cases in which discipline was imposed should be subject to a provision that: (a) prevents their public disclosure for at least 30 days while the producing party reviews them to ensure that they have been properly redacted and are suitable for release, and (b) requires any disputes to be resolved via an in camera review by the court before the CR files can be released.*

The parties each rely in part on the Illinois Freedom of Information Act ("IFOIA") in disputing whether the defendants have good cause for imposing restrictions on Johnson's use of

CR files regarding cases in which discipline was imposed. IFOIA sets forth Illinois' policy that the public should have access to information regarding the acts of public officials and employees. 5 ILL. COMP. STAT. 140/1 (2011) (effective January 1, 2010). However, Section 7(1)(n) of IFOIA exempts from public disclosure "[r]ecords relating to a public body's adjudication of employee grievances or disciplinary cases," but notes that "this exemption shall not extend to the final outcome of cases in which discipline is imposed." 5 ILL. COMP. STAT. 140/7(1)(n) (2011) (effective March 1, 2010). Johnson contends that: (1) per Section 7(1)(n) of the IFOIA, CR files regarding cases in which discipline has been imposed are public records, and (2) the 30-day delay and the possibility that the producing party may ultimately withhold the CR files as unsuitable for disclosure, leading the opposing party to request that the court perform an *in camera* review, burdens him and the court. Johnson points out that he may want to use these CR files as evidence for a summary judgment motion; these restrictions on his access to these CR files are inconvenient and may require extra work for him and the court.

For their part, the defendants argue that under IFOIA, only the final outcome of a case in which discipline was imposed is a public record; the rest of the CR file is exempted from public disclosure. The defendants also point out that releasing the CR files to the public could subject the defendants and third parties to harm since the files might include information about confidential ongoing law enforcement investigations, pending criminal investigations, the identity of witnesses, the identity of individuals complaining about police officers (some of whom might be minors), and documents protected by law enforcement or deliberative process privileges.

As an initial matter, "IFOIA does not control this court's determination of whether 'good cause' has been shown to protect the CR[ files]." *Calhoun*, 2011 WL 1364028, at *2 (citing

*Rangel v. City of Chi.*, No. 10 C 2750, 2010 WL 3699991, at *2 (N.D. Ill. Sept. 13, 2010)). However, to the extent that IFOIA suggests that the defendants have a privacy interest in the CR files under Illinois law, IFOIA is helpful in determining whether the defendants have shown good cause for this provision of the protective order. The court notes that the parties agree that the protective order should define CR files as "records relating to a public body's adjudication of employee grievances or disciplinary cases." (Defs.' Mot. for Entry of Protective Order Ex. A at 2; Pl.'s Resp. Ex. 1 at 2.) However, whether CR files necessarily relate to an adjudication, making IFOIA's Section 7(1)(n) applicable, is an unsettled question. *See Calhoun*, 2011 WL 1364028, at *2 (noting that courts in this district have differed on the question). For purposes of resolving this motion, the court will assume without deciding that the CR files relate to an adjudication.

Turning to the parties' quarrel over the breadth of IFOIA's Section 7(1)(n) exception, the defendants correctly point out that Section 7(1)(n) of IFOIA clearly states that the provision exempting from public disclosure records relating to a public body's adjudication of employee grievances or disciplinary cases "shall not extend to *the final outcome* of cases in which discipline is imposed." 5 ILL. COMP. STAT. 140/7(1)(n) (2011) (effective March 1, 2010) (emphasis added). Johnson would have this court rewrite IFOIA so that it states something to the effect of "this exemption [from public disclosure] shall not extend to records relating to a public body's adjudication of employee grievances or disciplinary cases where discipline has been imposed." However, this court is not at liberty to rewrite state legislation. It is clear that only the final outcome of a disciplinary case or employee grievance, and not all records relating to a case in which there is a final outcome, is excepted from the exemption from public disclosure set forth by IFOIA's Section 7(1)(n).

Given the foregoing and the harms that could result from public disclosure of CR files, the court finds that the defendants have good cause for the provision restricting Johnson's use of the CR files. However, as the court has noted before, a 30-day period in which the producing party can review the CR files to make sure that they have been properly redacted and are suitable for disclosure is too long and would unduly prejudice Johnson, who may want to, for example, submit the CR files as evidence in support of a motion. *See Calhoun*, 2011 WL 1364028, at *1 ("The provision seems reasonable to the court, although 30 days seems like more time than is required for defendants to review the records. The court will overrule Calhoun's objection to this provision, but defendants should modify the order to provide 7 days for reviewing any proposed public release of CRs."). Accordingly, the parties shall revise this provision of the protective order to provide for a 7-day period of review. Except as to the time for review, Johnson's objection to this provision of the protective order is overruled.

Lastly, "[i]f a need should arise to share the CR[ files] with specific individuals for the purpose of this litigation, the court would certainly consider making exceptions to the protective order." *Calhoun*, 2011 WL 1364028, at *3. In addition, "the court would obviously have to reassess the balance of interests should [the] defendants seek to protect the CR[ files] during a trial, when the proceedings would be presumptively public." *Id.*

II. *Whether Johnson should be allowed to retain a copy of all documents filed with the court, including documents filed under seal.*

First of all, the defendants concede, as they must, that Johnson may retain a copy of court filings that were not filed under seal. *See Bond*, 585 F.3d at 1073 ("It is beyond dispute that most documents filed in court are presumptively open to the public." (citing *Jessup v. Luther*, 227 F.3d 993, 997 (7th Cir. 2000), *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945-46 (7th Cir. 1999), and *In re Associated Press*, 162 F.3d 503, 507 (7th Cir. 1998))). The

5

issue before the court is whether Johnson may retain a copy of documents that were filed under seal. The defendants argue that documents filed under seal are not part of the public record. In support of this argument, the defendants point to Local Rule 26.2(g), which requires the court to return documents that were filed under seal to the party that filed it 63 days after the case has ended unless the court has ordered otherwise. The defendants also argue that any documents that would be filed under seal in this case would "meet the definition of trade secrets or other categories of bona fide long-term confidentiality" that are exempted from public disclosure even if they "influence or underpin [a] judicial decision," *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002), since the police officers involved may be injured by the release of their personal information.[1]

However, Johnson is not asking that documents filed under seal be made available for release to the general public; all Johnson is asking is that he be allowed to keep a copy of documents filed under seal. On the other hand, Johnson has not set forth exactly why he would need to keep a copy of documents filed under seal even after the final disposition of the case (including appeals) while the defendants have set forth good cause – guarding against the risk that officers' personal information is publicly disclosed – for requiring documents subject to the protective order to be returned at the conclusion of this case. As a result, Johnson's objection is overruled. If Johnson would to retain a copy of sealed documents even after the litigation has ended, he may move to unseal specific documents.

---

[1] Although unnecessary to this opinion, the court notes that it is far from clear that the defendants have shown that "there is a compelling interest in secrecy" that would rebut the strong presumption that court filings are open to the public. *See Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002). Certainly, it would be difficult for the court to evaluate whether there was, indeed, a compelling interest in secrecy in all or part of a certain court filing without having the document in question in hand. *See Citizens First Nat'l Bank*, 178 F.3d at 945 ("[A] document that contains [sensitive information] may also contain material that is not [sensitive], in which case all that would be required to protect a party's interest in . . . secrecy would be redaction of portions of the document.").

*III. Whether the producing party should bear the burden of filing a motion to maintain its confidentiality designation when the parties cannot agree whether a certain document is confidential.*

The defendants' proposed protective order requires the party challenging the producing party's confidentiality designation to file a motion to contest the confidentiality designation when the parties cannot agree. Johnson argues that this provision improperly attempts to partially shift the burden for establishing good cause for a given confidentiality designation. The court disagrees. While it is true that "the burden is on the party seeking to maintain confidentiality to show good cause why the document should not be disseminated," *Trading Techs., Int'l, Inc. v. BGC Partners, Inc.*, Nos. 10 C 715, 10 C 716, 10 C 718, 10 C 720, 10 C 721, 10 C 726, 10 C 882, 10 C 883, 10 C 884, 10 C 885, 10 C 929, and 10 C 931, 2011 WL 1547769, at *8 (N.D. Ill. Apr. 22, 2011) (citing Fed. R. Civ. P. 26(c)), this burden of showing good cause remains on the party seeking to maintain confidentiality regardless of who files a motion asking the court to weigh in on a dispute about a confidentiality designation. *See Hecht v. BabyAge.com, Inc.*, No. 3:10cv724, 2010 WL 4683749, at *3 (M.D. Pa., Nov. 10, 2010) ("Nothing in that case law, however, specifies that . . . the burden for demonstrating the need for a protective order shifts depending on the party filing a motion regarding confidentiality."); *see also Millwrights' Local 1102 Supplemental Pension Fund v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 07-15150, 2010 WL 2772443, at *4 (E.D. Mich. Jul. 13, 2010) ("Plaintiff confuses the 'burden'-if one can call it that-of *filing* a motion or objection with the allocation of the actual burden of proof when the motion is heard. The latter does not change; if the Plaintiff files an objection to the Defendants' designation of confidential discovery material, the Defendants still have the ultimate burden of demonstrating 'good cause' under Rule 26(c)."

(quoting *White v. GC Servs. Ltd. P'ship*, No. 08-11532, 2007 WL 174503, at *2 (E.D. Mich. Jan. 23, 2009))).

For their part, the defendants argue that other courts have approved such a provision, but concede that "simple repetition alone is not an argument for maintaining the status quo." (Defs.' Reply at 8.) The defendants argue that if they are required to ask the court to weigh in on a confidentiality dispute, they might neglect to do so in the allotted time frame, leading documents to be inappropriately released, which would result in a parade of terribles; thus, the party challenging the confidentiality designation, presumably Johnson, should be required to so move. This argument is unpersuasive. Johnson should not be required to move the court to resolve confidentiality disputes because the defendants doubt their own ability to comply with simple procedures for protecting their own interests.

There is no requirement that one party or the other be charged with moving the court to resolve confidentiality disputes. *See Hecht*, 2010 WL 4683749, at *3 ("[T]here is no requirement under these circumstances that only the party seeking confidentiality can challenge a designation under the agreement."). "The dispute here, then, is over which procedure will be fairest to the parties and allow the court most efficiently to resolve any disagreements about confidentiality." *Id.* The court finds the defendants' procedure to be the most efficient. *See id.* (finding that requiring the party challenging a given confidentiality designation to move for a resolution of the dispute is "more direct, and thus more efficient"). By requiring the party challenging the confidentiality designation to move the court to resolve the dispute, the defendants' procedure provides the court with an opening brief that lays out specific objections to the contested confidentiality designation. In contrast, Johnson's procedure might result in the court receiving an opening brief setting forth broad justifications for confidentiality without

8

addressing the opposing party's specific objections; the court may have to wait for the response to get a brief that addresses the heart of the parties' dispute. Accordingly, Johnson's objection is overruled.

One final note is in order. Johnson argues that the defendants will make "overly aggressive" use of confidentiality designations, which will "impose a significant and costly burden" on both Johnson and the court. (Pl.'s Resp. at 10.) Should the defendants use confidentiality designations in bad faith to, for example, drive up the cost of litigation or impose an undue burden on Johnson, the court will not hesitate to use its power to impose sanctions.

### III. CONCLUSION

The defendants' motion is granted in part. The defendants shall revise the protective order as explained in this opinion and submit the revised protective order to the court per the procedure outlined on the court's website for proposed orders.

ENTER:

        /s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: June 20, 2011