UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ONEAL JOHNSON,            )
                          )
        Plaintiff,        )
                          )
                          ) Case No. 09 C 4857
    v.                    )
                          ) Judge Joan B. Gottschall
CITY OF CHICAGO, et al.,  )
                          ) Magistrate Judge Arlander Keys
        Defendants.       )

**MEMORANDUM OPINION AND ORDER**

ONeal Johnson, by his own account, has a long history of complaining about police misconduct. In this lawsuit, he alleges that he was falsely arrested, unlawfully searched, and maliciously prosecuted by officers who knew about his complaints and wanted to retaliate against him because of it. He also alleges intentional infliction of emotional distress and conspiracy to violate his civil rights. Mr. Johnson alleges that, because of his history of complaining and his relative success in prior lawsuits (in 2007 he received a settlement for $65,000 in an unrelated case), the defendant police officers have harassed and abused him. In particular, he alleges that Officers Kemps and Cahill arrested him for no reason on December 2, 2008, searched his home and his car and then charged him with possession of cannabis, which they had planted on him. He alleges that the charges were dismissed, but that he nonetheless suffered property damage, great mental anguish, emotional and monetary damages, as well as the deprivation of his

constitutional rights. He further alleges that, after he filed this lawsuit, Officers Kerr and Alonso, in further retaliation, sought a search warrant for his home; he alleges that these officers provided false testimony to secure the warrant and then searched his home, without probable cause, on September 1, 2009. He alleges that, although the officers found nothing, they were determined to punish him, so they planted crack cocaine on him and then unlawfully arrested him, charged him and wrongly imprisoned him – all of which deprived him of his rights under the Constitution. In connection with the motions currently before the Court, Mr. Johnson also alleges that, after he filed this lawsuit, the harassment continued; he claims that his home was again searched – without justification – in February of 2012.

On March 7, 2012, Mr. Johnson served the defendants with a subpoena seeking, among other things, the production of "[a]ll documents relating to the identify of "John Doe," on whom the complaint for search warrant for 4207 South Princeton Avenue, Chicago, Illinois, on or about February 22, 2012 was based in part, and all documents relating to prior tips and/or information by "John Doe," including but not limited to the success of his tips and/or the accuracy of the information provided." The City declined to produce documents in response to the subpoena and, instead filed a motion to quash, arguing that the discovery sought is protected under the informant's privilege. Around the same time, Mr. Johnson filed a motion to compel the production of documents regarding the existence,

2

identity and reliability of the confidential informant described by Officer Kerr to obtain the search warrant used to facilitate the earlier search of Mr. Johnson's home on September 1, 2009. The case is currently before the Court on these two related motions, both of which turn on the question of whether information about the informants is discoverable.

The government has a limited privilege to withhold to withhold from disclosure the identity of persons who furnish information about violations of the law to officers charged with enforcement of that law. *E.g., Roviaro v. United States*, 353 U.S. 53, 59-60 (1957); *United States v. Jefferson*, 252 F.3d 937, 940 (7th Cir. 2001); *United States v. Herrero*, 893 F.2d 1512 (7th Cir. 1990)). "The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." *Roviaro*, 353 U.S. at 59. The privilege covers both the informant's identity and the contents of his communications with the government if those contents would tend to reveal the informant's identity. *Herrero*, 893 F.2d at 1525. Although the government is granted this privilege as a right, without having to make any kind of threshold showing, the privilege is not absolute; a party seeking discovery may overcome the privilege by demonstrating that his need for the identity of the informant outweighs the public's interest in effective law enforcement. *See, e.g, Dole v. Local 1942, IBEW*, 870 F.2d 368, 372 (7th Cir. 1989). To overcome the privilege

Mr. Johnson "must show that the identification of the informant or of a communication is essential to a balanced measure of the issues and the fair administration of justice." *Dole*, 870 F.2d 372-373 (citing *Roviaro*, 353 U.S. at 60-61).

There is no question that the information Mr. Johnson seeks is covered by the privilege, and that the City had the right to withhold the requested information. Mr. Johnson is, therefore, not entitled to it unless he can show that it is essential to his case. He cannot. Mr. Johnson has not demonstrated a need for this information – in fact, he has demonstrated that knowing the identity of the confidential informant would not help him: he has argued emphatically that the informant referenced in the subpoena does not exist – but would actually undermine his case. Indeed, although Mr. Johnson represents that he is seeking to compel discovery relating to the informant referenced in the search warrant, that is really not what he is after; as noted, he has argued emphatically that no such informant exists. As written, Mr. Johnson's motion really attacks the validity of the search warrants. Unfortunately, he is unable to offer evidence to back up that attack, and "[m]ere speculation is never enough to overcome the privilege." *Dole*, 870 F.2d at 373. Mr. Johnson has offered no evidence to support his suspicion that the confidential informant Officer Kerr relied upon was fabricated. At its core, Mr. Johnson's argument is based upon the fact that no gun was found during the search of his home; this is neither relevant, nor enough to undermine the warrant or the assertion of the privilege. *E.g., Beauchamp v. City of Noblesville*, 320 F.3d 733, 743 (7th Cir.

2003)("In determining whether information submitted to a judicial officer in support of a warrant application was sufficient to establish probable cause, we look only at what the officer knew at the time he sought the warrant, not at how things turned out in hindsight.")(citing Hebron v. Touhy, 18 F.3d 421, 423 (7th Cir.1994). See also *Grayer v. Greenwood*, No. 06 C 1997, 2007 WL 1531809, at *3 (N.D. Ill. May 24, 2007). Just because no gun was found does not mean that the search warrant or the information provided to obtain that warrant is suspect. Officer Kerr represented in a signed complaint that he had been using the confidential informant during the six months leading up to the search, and that the informant had provided positive information resulting in the recovery of multiple handguns, large amounts of ammunition, drug proceeds and large amounts of narcotics (which had been tested and positively identified by the Illinois State Crime Lab). The second warrant was similarly sworn. Mr. Johnson argues that, because the searches bore no fruit, it is "undeniable" that the warrants were predicated on false information. There are, of course, other possibilities, including the possibility that Mr. Johnson was lying about owning the guns described in the warrants or that he may simply have moved his guns elsewhere. At this point, it is enough to note that the search warrants are presumed to be valid, *e.g., Franks v. Delaware*, 438 U.S. 154, 155-156 (1978), and that nothing in Mr. Johnson's submissions has undermined that presumption.

## **CONCLUSION**

For the reasons set forth above, the Court finds that Mr.

Johnson has not met his burden of overcoming the informant's privilege, and that he is, therefore, not entitled to discovery concerning the identity of the informants referenced in the search warrants issued to the defendant officers. Accordingly, Mr. Johnson's motion to compel [#89] is denied, and the City's motion to quash [#87] is granted. The case is set for a status hearing on September 5, 2010.

Date: August 8, 2012

                                      E N T E R E D:

                                      */s/ Arlander Keys*
                                      MAGISTRATE JUDGE ARLANDER KEYS
                                      UNITED STATES DISTRICT COURT